# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WENDALL JERMAINE HALL,**

    **Plaintiff,**

vs.                                      Case No. 4:17cv100-RH/CAS

**DONNA GRAHAM, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a civil rights complaint, ECF No. 1, a motion for leave to proceed in forma pauperis, ECF No. 2, and a request for judicial notice, ECF No. 3. Prior to review of those documents, Plaintiff also submitted a notice of change of address, ECF No. 5, and a motion requesting the appointment of counsel, ECF No. 6.

Review of Plaintiff's in forma pauperis motion revealed that Plaintiff has over twenty-six thousand dollars in liens. ECF No. 2 at 3. Such a large amount raised questions of whether Plaintiff was entitled to in forma pauperis status or had three strikes.

Plaintiff's complaint was reviewed to determine Plaintiff's prior litigation history. First, in response to the questions concerning prior cases filed, Plaintiff stated generally that he did not remember them. *Id.* at 5. He did, nonetheless, acknowledge several cases dismissed as frivolous, malicious, or for failure to state a claim, ECF No. 1 at 6, and listed 45 federal lawsuits. *Id.* at 6-8. Plaintiff listed many more state cases. Plaintiff's listing of case numbers is vague, and he provides no pertinent information about the cases, but he at least made an effort to provide the Court with some indication of his litigation history.

Judicial notice is taken that Plaintiff initiated case 3:00cv764 in the Middle District of Florida.[1] Plaintiff listed that case number, but without reference to the Court in which it was filed or the reason the case was dismissed. ECF No. 1 at 6. Turns out, the case was dismissed because Plaintiff did not truthfully complete the complaint form and failed to acknowledge several prior cases. That case counts as a "strike" under 28 U.S.C. § 1915(e) because it was dismissed as an abuse of the judicial

---

[1] Comparison of Plaintiff's inmate number reveals that this is the same Plaintiff who filed cases in the Middle District.

Case No. 4:17cv100-RH/CAS

process. ECF No. 5, case # 3:00cv764 (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).

Plaintiff also initiated case 3:06cv126 in the Middle District of Florida, although Plaintiff did not list that case in the instant complaint. That case was dismissed sua sponte because Plaintiff did not exhaust administrative remedies prior to filing the case. ECF No. 9, case # 3:06cv126. Dismissal on exhaustion grounds falls within the category of dismissals for failure to state a claim upon which relief may be granted. Rivera, 144 F.3d at 731. That case counts as Plaintiff's second "strike."

Plaintiff had a prior case dismissed in this Court as well for failure to state a claim: case number 4:04cv347-MP/AK. ECF No. 16, case # 4:04cv347. Plaintiff listed that case and it counts as a third strike.

Additionally, Plaintiff has had numerous cases dismissed because Plaintiff had accumulated three strikes and was not entitled to proceed with in forma pauperis status. See case # 3:06cv256, M.D. Fla.; case # 3:08cv716, M.D. Fla; case # 3:14cv176, M.D. Fla; and case # 4:12cv315-RH/CAS, N.D. Fla. The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Plaintiff is well aware that he cannot proceed under the in forma pauperis statute absent allegations that he is under imminent danger of serious physical injury. A prisoner must allege he was in imminent danger when he initiated his case, not that he was in danger at some point prior to filing suit. *See* Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

Plaintiff makes the blanket statement that he "is in imminent danger of serious physical injury." ECF No. 1 at 11. That assertion is not supported. Plaintiff's complaint is about a knee injury from October or November 2016. *Id.* at 12. Plaintiff complains about the medical care he received at Jefferson Correctional Institution and the delay in receiving that care. *Id.* at 17-81. Plaintiff is no longer incarcerated at Jefferson C.I., but has been transferred to Charlotte Correctional Institution in Punta Gorda,

Florida. ECF No. 5. Moreover, even at the time of case initiation, Plaintiff was not physically located with any named Defendant. Thus, Plaintiff is not in danger of serious physical injury from the Defendants. Additionally, Plaintiff's complaint complains about past events with his medical care. The complaint does not allege imminent serious physical harm.

Because Plaintiff has had more than three prior dismissals which count as "strikes" under 28 U.S.C. § 1915(g) and he is not under imminent danger of serious physical injury, he is not entitled to proceed with in forma pauperis status. Plaintiff's motion, ECF No. 2, must be denied and this action dismissed without prejudice. If Plaintiff desires to re-file this case and present these same allegations, Plaintiff must pay the full amount of the filing fee at the time of case initiation.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice, and all other pending motions be **DENIED**. It is further **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 21, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv100-RH/CAS